## UNITED STATES BANKRUPTCY COURT
### District of Maine

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | \* | |
| In Re: | \* | |
| | \* | |
| **TODD F. CURRY** | \* | **Chapter 11** |
| | \* | **Case No. 08-20012** |
| Debtor | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | \* | |
| **APRIL ANN COOLEY,** and | \* | |
| **APRIL ANN COOLEY** and | \* | |
| **RANDY TUCKER**, in their | \* | |
| capacities as Parents and Next Friends | \* | |
| of **ADRIENNE PEARL TUCKER**, and in | \* | |
| their capacities as Personal Representatives | \* | |
| of the **ESTATE OF ANTHONY J.** | \* | |
| **TUCKER** | \* | |
| | \* | |
| **Plaintiff,** | \* | |
| | \* | **Adv. Proc. No. _____** |
| **v.** | \* | |
| | \* | |
| **TODD F. CURRY**, | \* | |
| | \* | |
| **Defendant.** | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT OBJECTING TO DISCHARGE AND
### FOR DETERMINATION OF DISCHARGEABILITY
### PURSUANT TO 11 U.S.C. § 523(a)(6) AND 1141(d)(3) AND
### FEDERAL RULES OF BANKRUPTCY PROCEDURE 4004 AND 4007

NOW COME the Plaintiffs, April Ann Cooley individually and April Ann Cooley and Randy Tucker, in their capacities as Parents and Next Friends of Adrienne Pearl Tucker and in their capacities as Personal Representatives of the Estate of Anthony J.

Tucker (collectively referred to herein as the "Tucker Claimants"), by and through their undersigned counsel and object to the discharge of the Debtor from the debt owed to Tucker Claimants and seek denial of the Debtor's discharge as follows:

## PARTIES

1.      April Ann Cooley ("April") is a resident of Hartland, Somerset County, State of Maine.

2.      Randy Tucker ("Randy") is a resident of Pittsfield, Somerset County, State of Maine.

3.      Together, April and Randy are Co-Personal Representatives of the Estate of Anthony J. Tucker (the "Tucker Estate") and are the parents and next friends of Adrienne Pearl Tucker ("Adrienne"), a minor, who is also a resident of Hartland, Somerset County, State of Maine.

4.      Defendant Todd F. Curry ("Curry") is a resident of Augusta, Kennebec County, State of Maine and is the debtor in this chapter 11 case.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §157(b), 28 U.S.C. §1334, 11 U.S.C. §§ 523(c) & 1141(d)(3), Federal Rules of Bankruptcy Procedure 4004 and 4007 and Federal Rule Bankruptcy Procedure 7001 et seq.  This action constitutes a core proceeding.

## OPERATIVE FACTS

6.      Prior to November 27, 2006, April, Adrienne (then 10 years old), April's 13 year old son Anthony Tucker and April's 10 month old baby Alyssa resided with Curry in Curry's house on Warren Hill Road in Palmyra, Maine.

7.      Early in the morning of November 28, Curry began acting in a threatening manner toward April and the children.  Curry picked up a woodstove poker and threatened to hit Alyssa with it.  Curry then became increasingly agitated and threatened to kill April and to physically harm the children.

8.      April woke Adrienne and told her that they had to get out of the house. Adrienne went up stairs to wake Anthony.  Adrienne got Alyssa from her crib and came down the stairs.

9      Curry then began chasing April around the house with the woodstove poker.  Shortly thereafter, Curry retrieved an AK-47 assault rifle that he owned and began threatening April with the rifle.  Curry held the AK-47 like a baseball bat and swung it, hitting April in the head with the rifle.

10.      April screamed at Adrienne to bring Alyssa and leave the house.  April ran outside the house with Curry chasing her.  Curry pointed the rifle at April and tried to shoot it but the rifle did not fire.  Curry then raised the gun over his head and hit April again over the head as she ran down the driveway trying to block the blows with her hands.

11.      Adrienne, holding Alyssa, ran out of the house and stayed at the corner of the house watching Curry assault April in the driveway.  April called to Adrienne to come and Adrienne started to run down the driveway but to do so, she had to pass Curry.

12.      Adrienne begged Curry not to hurt her and to let her go to her Mom.  Curry screamed at Adrienne to "get out of here" and she ran down the driveway still carrying Alyssa.

13.      As Adrienne reached the woods, she heard gun shots and she looked back. She saw her brother Anthony jerk from the gunshot wounds and fall to the ground.  She then turned and ran into the woods.

14.      April, Adrienne and Alyssa fled to a neighbor's house and hid until the police arrived.

15.      Curry shot Anthony multiple times with the AK-47 and Anthony died from those wounds after a period of conscious pain and suffering.  Anthony sustained a total of six gunshot wounds.  Four of the gunshot wounds were to the head, located at the right ear, the right cheek, the right eye, and the right side of the mouth.  The direction of all four of these gunshot wounds was from front to back.  Anthony sustained a fifth gunshot wound through the palm of his right hand, with multiple fractures of the metacarpal bones.  The direction of this gunshot wound was from front of the palm to the back. Finally, Anthony sustained a sixth gunshot wound to his left upper inner arm.  The direction of this gunshot wound was from front to back.

16.      As a result of the incidents described above, April suffered cuts and bruises to her head, bruises to her hand, muscle strains and severe and continuing emotional distress, including but not limited to Post Traumatic Stress Disorder, depression, reaction-acute stress, anxiety and grief over the loss of her son.

17.    As a result of the incidents described above, Adrienne suffered severe and continuing emotional distress, including but not limited to Post Traumatic Stress Disorder, depression, reaction-acute stress caused by witnessing her brother's death as well as anxiety and grief over the loss of her brother.

18.    There is currently pending in the Somerset County, Maine Superior Court the case entitled *April Ann Cooley and April Ann Cooley and Randy Tucker, in their capacities as Parents and Next Friends of Adrienne Pearl Tucker and in their capacities as Personal Representatives of the Estate of Anthony J. Tucker v. Todd F. Curry* (Docket No. CV-06-089) (the "State Court Action") in which the Tucker Claimants seek damages against Curry as a result of the incidents described above.  That case is presently stayed as a result of Curry's bankruptcy proceeding.

## COUNT I
### Section 523(a)(6) as to April

19.    Plaintiffs repeat and reallege paragraphs 1 through 18 hereof as if more fully set forth herein.

20.    Due to the injuries suffered by April as set forth above and as sought in the State Court Action, Curry owes April debts for willful and malicious injuries caused by Curry to April.

21.    Such debts are excepted from discharge pursuant to the provisions of 11 U.S.C. § 523(a)(6) and Curry cannot and should not be discharged from such debts.

WHEREFORE, the April Ann Cooley prays, pursuant to 11 U.S.C. § 523 (a)(6), that the debts owed  by the Debtor Todd F. Curry to her as determined by this Court or as determined in the State Court Action be determined to be non-dischargeable and that this Court grant such other and further relief as it may deem just.

## COUNT II
### Section 523(a)(6) as to Adrienne

22.    Plaintiffs repeat and reallege paragraphs 1 through 21 hereof as if more fully set forth herein.

23.    Due to the injuries suffered by Adrienne as set forth above and as sought in the State Court Action, Curry owes Adrienne debts for willful and malicious injuries caused by Curry to Adrienne.

24.     Such debts are excepted from discharge pursuant to the provisions of 11 U.S.C. § 523(a)(6) and Curry cannot and should not be discharged from such debts.

WHEREFORE, April Ann Cooley and Randy Tucker, in their capacities as Parents and Next Friends of Adrienne Pearl Tucker pray, pursuant to 11 U.S.C. § 523 (a)(6), that the debts owed by the Debtor, Todd F. Curry to Adrienne as determined by this Court or as determined in the State Court Action be determined to be non-dischargeable and that this Court grant such other and further relief as it may deem just.

## COUNT III
### Section 523(a)(6) as to The Estate of Anthony J. Tucker

25.     Plaintiffs repeat and reallege paragraphs 1 through 24 hereof as if more fully set forth herein.

26.     Due to the injuries suffered by Anthony and recoverable by the Estate of Anthony J. Tucker as set forth above and as sought in the State Court Action, Curry owes the Estate of Anthony J. Tucker debts for willful and malicious injuries and death caused by Curry to Anthony and recoverable by the Estate of Anthony J. Tucker.

27.     Such debts are excepted from discharge pursuant to the provisions of 11 U.S.C. § 523(a)(6) and Curry cannot and should not be discharged from such debts.

WHEREFORE, April Ann Cooley and Randy Tucker, in their capacities as Personal Representatives of the Estate of Anthony J. Tucker, pray, pursuant to 11 U.S.C. § 523 (a)(6), that the debts owed by the Debtor, Todd F. Curry to the Estate of Anthony J. Tucker as determined by this Court or as determined in the State Court Action be determined to be non-dischargeable and that this Court grant such other and further relief as it Court may deem just.

## COUNT IV
### Denial of Discharge Pursuant to Section 1141(d)(3)

28.     Plaintiffs repeat and reallege paragraphs 1 through 27 hereof as if more fully set forth herein.

29.     Since the filing of this Chapter 11 case, the debtor, either as Debtor in Possession or through the duly appointed Chapter 11 Trustee, has liquidated all or substantially all of the property of the estate.

5

30.     It is anticipated that any confirmable Chapter 11 Plan filed in this case will provide for further liquidation of any remaining assets of the estate and for the liquidation of all or substantially all of the property of the estate.

31.     Curry is currently involuntarily committed to the custody of the Maine Department of Behavioral and Developmental Services or an equivalent agency of the State of Maine by order of the Maine Superior Court dated December 5, 2007 and he is therefore not eligible to engage in employment of business.

32.     It is anticipated that Curry will not engage in business after consummation of any Plan that may be filed in this case.

33.     Curry would be denied a discharge under 11 U.S.C. § 727(a)(12) if this case were a case under chapter 7 of title 11.

WHEREFORE, the Tucker Claimants, pray that the Debtor, Todd F. Curry be denied a discharge in this case pursuant to 11 U.S.C. § 1141(d)((3) and that this Court grant such other and further relief as it Court may deem just.

Dated at Portland, Maine this 10th day of April, 2008.


  /s/ Timothy H. Norton
Timothy H. Norton
Attorney for the Tucker Claimants



KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Post Office Box 597
Portland, Maine 04112-0597
(207)  775-1020